### KEZIAH FOWLE *vs.* SAMUEL TIDD, Administrator.

The admission, on the trial of an action by a married woman to recover for services rendered to another person, of deeds from him to her and from her to him, as evidence that the services were rendered on her sole and separate account, affords no ground of exception.

Under the *St.* of 1855, *c.* 304, § 7, a married woman may maintain an action, without joining her husband, for services rendered on her sole and separate account.

In an action by a married woman against an administrator for services rendered to his intestate, the plaintiff's husband is a competent witness for her, under the *St.* of 1857, *c.* 305, § 1.

ACTION OF CONTRACT by a married woman, without joining her husband, against the administrator of Josiah Richardson, to recover for services rendered to Richardson from the 24th of January, when the *St.* of 1855, *c.* 304, took effect, to the time of his death in November 1855.

At the trial in the court of common pleas in Middlesex at December term 1857, before *Sanger*, J., the plaintiff was permitted, against the defendant's objection, and for the purpose of showing that the services were rendered on her sole and separate account, to give in evidence a deed of land from Richardson to the plaintiff, to her sole and separate use, dated May 29th 1854, and a deed from her to him, dated July 11th 1855.

The plaintiff's husband was admitted as a witness on her behalf, against the defendant's objection.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*J. P. Converse & A. V. Lynde*, for the defendant.

*J. M. Randall*, for the plaintiff.

DEWEY, J. The deeds introduced in evidence were competent, as having some tendency to show the relations between the parties, and to sustain the plaintiff's claim that the services

were rendered by her on her sole and separate account, and that it was so understood by the defendant. If any doubts exist on this point, the deeds could only be considered as wholly immaterial, and furnishing no ground for setting aside the verdict.

By the provision of the *St.* of 1855, *c.* 304, § 7, the plaintiff was entitled to maintain an action for her labor and services performed on her own sole and separate account.

The husband of the plaintiff was made a competent witness by force of the *St.* of 1857, *c.* 305, § 1.

*Exceptions overruled.*